Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STANDARD FABRICS INTERNATIONAL, INC., a California Corporation,

Plaintiff,

v.

JUST ONE LLC, a New York Limited Liability Company; RAINBOW USA, INC., a New York Corporation; and DOES 1-10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

Plaintiff STANDARD FABRICS INTERNATIONAL, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Standard Fabrics International, Inc. ("Standard") is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant JUST ONE LLC, ("JUST ONE") is a limited liability company organized and existing under the laws of the State of New York, and is doing business with and in the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant RAINBOW USA, INC. ("RAINBOW") is a corporation organized and existing under the laws of the State of New York, and is doing business with and in the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant Does 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10,

inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 7866

10. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 7866 ("Subject Design A"). Subject Design A is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff.

11. Plaintiff applied for and received a United States Copyright Registration for Subject Design A prior to the commencement of this Action.

12. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A, and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design A ("Subject Product A"), including but not limited to garments sold at RAINBOW under Style No. 3869-06290-8101 and bearing the label "Just One", indicating that said garments were manufactured or supplied by or for JUST ONE, or Doe Defendants. A comparison of true and correct images of the Subject Design and Subject Product is displayed below:

///

| SUBJECT DESIGN | SUBJECT PRODUCT |
|---|---|
|  | Garment:   Detail:  |

## CLAIMS RELATED TO DESIGN NO. 8080

1. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 8080 ("Subject Design B"). Subject Design B is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff.

2. Plaintiff applied for and received a United States Copyright Registration for Subject Design B prior to the commencement of this Action.

3. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

4. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B, and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to Subject Design B ("Subject Product B"), including but not limited to garments sold at RAINBOW under Style No. 3969-06290-6701 and bearing the label "Just One", indicating that said garments were manufactured or supplied by or for JUST ONE, or Doe Defendants. A comparison of true and correct images of the Subject Design and Subject Product is displayed below:

///

| SUBJECT DESIGN | SUBJECT PRODUCT |
|---|---|
|  | Garment:<br><br>Detail:<br> |

///

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

5. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A and Subject Design B (collectively, "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

7. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to Subject Designs.

8. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling garments which infringe Subject Designs through a network of retail stores and on-line outlets.

9. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

10. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

11. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendant's infringement of Subject Designs in an amount to be established at trial.

12. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

13. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring Subject Designs as alleged hereinabove.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because

they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

16. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Designs, in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

19. With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: September 19, 2016

By: */s/ Scott Alan Burroughs*

Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Standard Fabrics International, Inc.